UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

In re: )
)
**KENNETH O. JACKSON,** ) Case No. 13-21676 HRT
)
Debtor. ) Chapter 13
)

## ORDER

This case comes before the Court on Debtor's *Motion to Set-Asided* [sic] *Judgement* [sic] *to Certify Lessor Pursuant to 11 U.S.C. Section 362(a); 362(b) Constitutional Challenge Pursuant to Bankruptcy Rule* 9005.1 [sic] (docket #27) (the "Motion").

### I. BACKGROUND

The Debtor filed his petition for relief under the Bankruptcy Code on July 5, 2013. On page 2 of his petition, under the section entitled "Certification by a Debtor Who Resides as a Tenant of Residential Property," the Debtor checked the applicable box attesting that his "[l]andlord has a judgment against the debtor for possession of debtor's residence."

Immediately following that certification are three additional check-boxes. The Debtor checked the first which declares that the "[d]ebtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered . . . ." He *did not* check the second box that states that "[d]ebtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition." Finally, the Debtor checked the third box: "[d]ebtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1))."

A week later, the Debtor filed his *Motion to Certify Lessor Pursuant to 11 U S C Section 362(a); 362(b)* (docket #14). The Debtor sought a declaration that 11 U.S.C. § 362(*l*) applied in his case to impose a stay on the pre-petition eviction proceedings initiated by his landlord. After its review of the debtor's motion, the Court entered its *Order on Motion to Certify Lessor Pursuant to 11 U.S.C. Section 362(a); 362(b)* (docket #21) denying the motion and declaring, in effect, if the Debtor's landlord has obtained a pre-petition judgment for possession of the Debtor's residence, the automatic stay does not prevent it from proceeding with its eviction action under state law.

ORDER
Case No. 13-21676 HRT

## II. DISCUSSION

The Court construes Debtor's instant Motion as a motion for relief from judgment or order under FED. R. CIV. P. 60.[1] Debtor seeks reconsideration of the Court's *Order on Motion to Certify Lessor Pursuant to 11 U.S.C. Section 362(a); 362(b)* (docket #21) (the "Order").

Under Rule 60(a), a party may obtain relief from a judgment or order on grounds of "clerical mistake or a mistake arising from oversight or omission." The Court does not find – nor does the Debtor allege – a clerical mistake or a mistake arising from oversight or omission in the Court's Order.

Under Rule 60(b), a party may obtain relief from a judgment or order under any one of six enumerated grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[2]

The Court has reviewed the Debtor's Motion. Rule 60(b) provides no avenue of relief for the Debtor. On the face of the Debtor's petition, the Court's denial of his motion to find § 362(*l*) applicable was proper because the petition lacked any certification that a rent deposit had been made with the Court on the petition date. Moreover, and even more fatal to the Debtor's cause, the Court finds that Colorado is not a jurisdiction where § 362(*l*) is applicable.

---

[1] Made applicable to this proceeding by FED. R. BANKR. P. 9024.

[2] Despite the seemingly broad language of Rule 60(b)(6), it's scope is narrow. Relief under Rule 60(b)(6) is "extraordinary and reserved for exceptional circumstances." *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). Rule 60(b)(6) gives a court the flexibility to grant relief that does not fit neatly under the categories described in subsections (1) through (5) of Rule 60(b) but it does not expand the reach of Rule 60(b) beyond the type of extraordinary circumstances stated in those subsections. "Rule 60(b)(6) relief . . . is appropriate only 'when it offends justice to deny such relief.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (further citations omitted).

ORDER
Case No. 13-21676 HRT

A.  11 U.S.C. § 362(*l*)

Section 362(*l*)[3] serves as an exception to an exception to the broad automatic stay provisions of § 362.

> Among other things, the [Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[4] ("BAPCPA")] amended the Bankruptcy Code to exempt from the operation of the automatic stay all non-bankruptcy enforcement proceedings undertaken by a lessor related to a pre-petition judgment of possession obtained by the lessor against a residential tenant-debtor. . . .  Although § 362(b)(22) appears to exempt all eviction proceedings from the operation of the automatic stay, it must be read in conjunction with § 362(*l*), another provision added by the BAPCPA.  Subsection (*l*) provides, in turn, that a debtor may, by fulfilling certain requirements *at the time of filing for bankruptcy*, obtain a brief stay of eviction proceedings by postponing for thirty days the date on which § 362(b)(22) becomes effective.

*In re Plumeri*, 434 B.R. 315, 319 (S.D. N.Y. 2010) (emphasis added).

Prior to the passage of BAPCPA, a residential landlord who wished to evict a debtor in bankruptcy would have to move, under § 362(d), for relief from the automatic stay in order to proceed with a state court eviction action.  In the case of a landlord who has obtained an order for possession of residential rental property, where a debtor resides, BAPCPA added § 362(b)(22) to the list of exceptions to the automatic stay.  Under § 362(b)(22), no stay arises to prohibit such a landlord from proceeding with its state court eviction action.

BAPCPA also added § 362(*l*) to provide an exception to the operation of § 362(b)(22).  It is a narrow exception that operates only in those jurisdictions where a tenant may cure a monetary default, upon which a judgment for possession is based, following the entry of the judgment for possession.  Where local law permits such a post-judgment cure, § 362(*l*) allows a debtor to obtain a stay of the eviction proceedings for 30 days in order to cure the default.

In the above language that the Court quoted from *Plumeri*, the Court emphasized the phrase "at the time of filing for bankruptcy" because § 362(*l*) provides that no stay whatever arises, and § 362(b)(22) is effective immediately upon filing of the bankruptcy petition, where a debtor fails to comply fully with the requirements of § 362(*l*)(1).  Section 362(*l*)(4) makes it explicit:

---

[3] Unless otherwise indicated, all references are to Title 11 U.S.C.

[4] Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

ORDER
Case No. 13-21676 HRT

> If a debtor . . . indicates on the petition that there was a judgment for possession of the residential rental property in which the debtor resides and does not file a certification under paragraph (1) or (2)--
>> (A) *subsection (b)(22) shall apply immediately upon failure to file such certification*, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property . . . .

11 U.S.C. § 362(*l*)(4)(A) (emphasis added)

Section 362(*l*)(1) requires that a debtor seeking a stay under § 362(*l*) must certify that: 1) "under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered," 11 U.S.C. 362(*l*)(1)(A), and 2) "the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition." 11 U.S.C. 362(*l*)(1)(B). Under § 362(*l*)(2) if, within the 30 day period, the Debtor or an adult dependent cures the default that gave rise to the judgment for possession and the Debtor files a certification to that effect, then § 362(b)(22) does not come into effect. In other words, upon a timely and complete cure of the monetary default, the automatic stay remains in effect as to the residential rental property. But § 362(*l*)(4) makes explicit that the stay never comes into effect if a debtor does not satisfy the requirements of § 362(*l*)(1) *on the petition date*. In addition, the stay is immediately lifted 30 days later if the debtor fails to file a certification under § 362(*l*)(2) that the monetary default has been cured.

In this case, the Debtor made no deposit of rent that would fall due withing the 30 days following the petition date when he filed his bankruptcy petition. He now attempts to justify that failure by claiming that there is a factual dispute as to the amount of rent that would have fallen due within 30 days. Debtor's argument is unavailing. His own Motion shows that some amount of rent is due within 30 days of the petition date. His failure to tender even the amount that he believes would fall due during that 30 day period deprives him of any argument that § 362(*l*) is applicable.

On the Debtor's petition, he did not check the box attesting that he had made the rent deposit. The records of the Clerk of the Court also show that no deposit was tendered to the Court with the petition. In the instant Motion, the Debtor represents to the Court that his rent is $600.00 per month and that he had a $400.00 credit for the month of July. Under the most generous possible reading of the Debtor's Motion, at least $200.00 falls due within 30 days of the petition date. Likely, the rent falls due on the first of the month and a full $600.00 would be due on August 1, which is within 30 days of the July 5, 2013, petition date.

ORDER
Case No. 13-21676 HRT

The exact amount is immaterial. The Court need not conduct a hearing to determine the amount of rent falling due within 30 days. Whatever the precise figure, it is not nothing and nothing is the amount of rent that the Debtor tendered to the Court on the petition date. Based both on the face of the Debtor's petition and under the facts as attested to in the instant Motion, no stay arose on the petition date under § 362(*l*) because no rent deposit was tendered to the Court on the petition date.

B. 11 U.S.C. § 362(*l*) is Inapplicable in this Case

Even if the Debtor had made a deposit of rent with the Court, the Court's Order denying his request for a declaration that § 362(*l*) is applicable was necessary and proper. The Court finds that § 362(*l*) is without force and effect in the state of Colorado. A judgment for restitution of residential real property entered in Colorado is not subject to post-judgment cure of a monetary default. As a consequence, where a pre-petition judgment for possession of residential real property has been entered in favor of a lessor in the state of Colorado, a tenant against whom the judgment was entered has no mechanism under the Bankruptcy Code by which to impose a stay upon the eviction proceedings.

Colorado law with respect to a landlord's right to seek restitution of residential real property following a default in a tenant's lease obligations is found in the Forcible Entry and Detainer article of the Colorado Revised Statutes. COLO. REV. STAT. § 13-40-101 et seq. Those provisions provide generally for the procedure under which a landlord may give notice to a defaulting tenant to quit the premises and, thereafter, bring an action for eviction. Section 13-40-115 authorizes a state court to enter judgment and to issue a writ of restitution after a trial of an unlawful detainer action where it finds the issues in favor of the landlord. There is no procedure contained in that section, or any other section of Article 40, that establishes a tenant's right "to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered." 11 U.S.C. § 362(*l*)(1)(A).

Under § 362(*l*)(5)(A), a debtor filing a bankruptcy petition must inform the Court when "a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor . . . ." *Id*. The Debtor complied with that requirement. He certified that such a judgment had been entered with respect to property in which he was a tenant and he provided the name and address of the landlord. In the Debtor's petition, he also certified that "under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered." But that certification is incorrect. No such circumstance exists under the statutes of the state of Colorado. As a consequence, the Court concludes that, because there is no provision in Colorado law for curing a monetary default on a lease for residential real property following a judgment for possession in favor of the landlord, the provisions of § 362(*l*) do not apply to impose a stay on eviction actions where § 362(b)(22) is applicable.

ORDER
Case No. 13-21676 HRT

### C. Constitutional Challenge

Finally, pursuant to FED. R. CIV. P. 5.1(c), the Court rejects the Debtor's constitutional challenge. Debtor claims that §§ 362(a) & (b)[5] are unconstitutionally vague. Although, not clearly articulated as such, the Court construes the Debtor's Motion also to complain that he has been deprived of due process because the Court held no hearing on his *Motion to Certify Lessor Pursuant to 11 U S C Section 362(a); 362(b)* (docket #14). According to the Debtor,

> several questions should be clarified for the Debtor; 1) When, how soon should the 30 day rental requirement be deposited with the Court if the lease has been paid on the 3 of the month, should Debtor be required to deposit an additional deposit; 2) When there is a rental amount in dispute, who determines the amount of the deposit; and 3) if there is any issues that should be brought before the Courts attention, should not a hearing be automate [sic] or should written briefs be submitted as mitigating tools to give the Court a better view of the case, such as the one at bar.

Debtor's questions do not rise to a level that calls the constitutionality of § 362 into question. Nor do they raise any question as to whether he has been deprived of constitutional due process. The Debtor's three question are easily answered:

1. The statute could not be clearer on the timing of the rent deposit. It must be tendered to the Court with the filing of the petition. 11 U.S.C. § 362(*l*)(1).

2. When the rental amount is in dispute, the state court with jurisdiction over the eviction action is the forum where that matter is litigated in the first instance. Here, the Court will take the Debtor at his word that he "signed a lease for $600 a month." It is the Debtor's position that "Debtor owed no monies to the Creditor in June and had a $400.00 credit with Creditor in the month of July . . . ." Strictly for the purposes of ruling on this motion, the Court accepts the accuracy of the Debtor's representations. That still means, at minimum, $200.00 of rent falls due during the 30 days following the July 5, 2013, petition date. The Debtor tendered nothing whatever to the Court on the petition date. Had the Debtor made a rent deposit, the landlord would have had an opportunity to raise an objection if the deposit was deficient and this Court would hear such a dispute. As it is, since the Debtor made no deposit, no issue as to the amount ever arose.

3. A hearing is not automatic. Under the Bankruptcy Code, even when a particular provision uses the phrase "after notice and a hearing." that phrase "means after

---

[5] It appears that the Debtor is actually referring to 11 U.S.C. § 362(*l*).

ORDER
Case No. 13-21676 HRT

such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1). As a practical matter a hearing is appropriate where factual matters are in dispute that have a bearing on the particular issue that is before the Court. The issue in this case is whether the Debtor may invoke the protections of § 362(*l*) without tendering a rent deposit to the Court at the time his petition was filed. The Debtor claims a dispute as to the amount of rent that is due, but even when the Court assumes the accuracy of the Debtor's representations, the Court cannot accord the Debtor the relief he seeks. Even a bona fide dispute as to the amount of rent falling due within 30 days does not excuse the Debtor from his failure to tender any rent. An evidentiary hearing would serve no purpose.

### III.  CONCLUSION

The failure of the Debtor to tender a rent deposit to the Court with his bankruptcy petition is fatal to any claim that his landlord's eviction proceedings are stayed under § 362(*l*). It is clear from the representations made in Debtor's Motion that at least $200.00 or, more likely, $600.00 of rent would fall due to the landlord during the 30 days following the filing of the Debtor's bankruptcy petition. The absence of a deposit deprives the Debtor of any argument that § 362(*l*) imposed a stay on the landlord's eviction proceedings.

However, the applicability of § 362(*l*) in any particular jurisdiction is entirely dependent on applicable nonbankruptcy law. It is only applicable in those jurisdictions where a tenant has an opportunity to cure a monetary default *after* the landlord has obtained a judgment for possession of the rental property. No such provision appears in Colorado's statutes. Even though the Debtor certified that "under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered . . .," the Court finds that certification to be in error. Therefore, regardless of whether or not the Debtor tendered a rent deposit with his petition, § 362(*l*) does not impose a stay on eviction proceedings in Colorado.

Therefore, it is

ORDER
Case No. 13-21676 HRT

      **ORDERED** that the Debtor's *Motion to Set-Asided* [sic] *Judgement* [sic] *to Certify Lessor Pursuant to 11 U.S.C. Section 362(a); 362(b) Constitutional Challenge Pursuant to Bankruptcy Rule* 9005.1 [sic] (docket #27) is DENIED.

      Dated this  30th  day of July, 2013.

                                  **BY THE COURT:**

                                  *[Signature: Howard Tallman]*

                                  Howard R. Tallman, Chief Judge
                                  United States Bankruptcy Court